The opinion of the Court was delivered by
Tilghman C. J.
This cause was tried in the Common Pleas, on an issue directed by the Register’s Court to decide the validity of a writing exhibited as the last will and testament of James Burns deceased. The error assigned, is in the charge of the Court. It appears from the evidence, that James Burns had made two wills j the first, written by William Starrett, and the last, (the one in question,) by Thomas Meminger. The will written by Meminger was produced on the trial, and well proved, according to the law of Pennsylvania. The objection to it was, that the testator, about two months before his death, having both wills in his hands, threw the one drawn by Starrett into the fire, intending to leave that which was drawn by Meminger; that he supposed he actually had burnt the one drawn by Meminger, and continued under that deception to the time of his death, his wife having taken that will from him, immediately after he had burnt the other, and preserved it without his knowledge until he died. 'On this subject, the evidence was contradictory, so as to leave it doubtful, whether the testator really knew, or not, which will he had burnt. The presiding Judge summed up the evidence, and made many pertinent remarks to the jury; he told them, however, that he would “ lay down some principles to guide them;” and although in the conclusion of his charge he submitted it as a matter of fact, whether Robert Burns intended at the time of his death, that the writing drawn by Meminger should be his last will, yet we must suppose that the jury, in forming their decision, paid regard to the principles of law laid down by the Court. One of these principles was expressed as follows :—“ A will intended to be cancelled, may be resuscitated in the same manner, and by the same proof as the making a will. There must be full' proof to give it new life.” From these expressions, the jury must have understood, that if Burns intended to destroy the will drawn by Meminger, that will could not be established without such new proof as would be necessary to the validity of an original will; that is to say, proof by two witnesses. It is a strong circumstance in this case, that the will drawn by Mem *297 inger, was fully proved. What then was to destroy its effi•cacy ? It is invalidated, say the defendants, by the intent to burn it. If he had actually burnt it, there would have been an end of it. But the will remaining in existence, it is a matter of fact in the first place, whether he intended to burn it or not, and it is also a matter of fact, whether, supposing he did intend to burn it, he did not afterwards know, that it was in existence, and intend that it should stand for his will. These facts are to be proved as facts in general, and not according to the mode prescribed by the act of assembly, for the probate of a will. The act requires two witnesses; but I apprehend, the evidence given by the defendant of the intention of Burns, at the time he threw one of the wills into the fire, may be rebutted by contrary evidence, though but by one witness. Suppose, for instance, it had been proved by one witness, that Burns had said, he had intended to burn the will drawn by Meminger, but discovered after-wards, that he had not burnt it, and was glad of it, as he thought, upon further reflection, that it contained the best disposition he could make of his estate, and should preserve it as his last will; why should not this evidence be sufficient to establish a will, which was well proved by other witnesses ? It is not, properly speaking, evidence to prove the will, but to take off the effect of other evidence, which had shewn a design to destroy it. The act of assembly is silent as to revocations in law, such as burning, cancelling, &c. therefore, when questions arise on such revocations, they must be proved as other matters of fact, without regard to the form prescribed by the act of assembly, for the probate of a will. It appears to me, therefore, that the cause was submitted to the juiy, under a direction in matter of law, by which they might easily be misled, and it is impossible to say, what their verdict would have been, had the law been laid down correctly. This is the only part of the charge which is exceptionable, but as it went to a very important point, I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
J udgment reversed, and a venire facias de novo awarded.